# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| In the Matter of the Arbitration between<br><br>TANG ENERGY GROUP, LTD, et al.<br><br>Claimants,<br><br>v.<br><br>CATIC U.S.A., et al.,<br><br>Defendants. | Case No. 3:15-mc-80209-LB<br><br>**ORDER DIRECTING IMMEDIATE MEET AND CONFER AND EXPEDITED SUBMISSION OF A JOINT LETTER BRIEF**<br><br>[Re: ECF Nos. 1, 2] |

On July 23, 2015, for an arbitration pending in Dallas, Texas, claimant Tang Energy Group submitted a witness list that included non-party Cedric Chao. (Chao Decl., ECF No. 1-1, ¶ 17 & Ex. C.[1]). Mr. Chao represents two companies named as respondents in the arbitration, Aviation Industry Corporation of China and China Aviation Industry General Aircraft Co., Ltd.; according to Mr. Chao, they are not signatories to the arbitration agreement and have objected to their inclusion in the arbitration. (*Id.* ¶¶ 10-12.) Tang Energy Group's counsel Robert Jenevein applied to the arbitration panel for, and the panel issued, a subpoena for Mr. Chao's testimony before the panel in Dallas, Texas, on August 10, 2015, at 9:30 a.m. (*Id.* ¶ 18.). Mr. Jenevein's associate emailed and faxed the subpoena to Mr. Chao on July 29, 2015, while Mr. Chao was out of the

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:15-mc-80209-LB)

country. (*Id.* ¶¶ 19-20.) On August 3, 2015, Mr. Chao received the subpoena by certified mail. (*Id.* ¶ 21.)

To avoid any dispute before the arbitration panel on the validity of the subpoena, Mr. Chao moved to quash the subpoena on the following grounds: (1) it was not properly served and even if it was, it directs an appearance more than 100 miles from Mr. Chao's principal place of business, in violation of Fed. R. Civ. P. 45(c)(1)(A) and 45(d)(3)(A)(ii); (2) it is invalid because it is directed to opposing counsel without any justifying circumstances; (3) it is invalid because it calls for information that is protected from disclosure under either attorney-client privilege or the attorney work-product doctrine; (4) it seeks testimony on issues that are not arbitrable; and (5) the subpoena is harassment, which is demonstrated by its attempt to gain protected and privileged information. (Motion, ECF No. 1 at 3, 16-27.) Mr. Chao asked for a shortened briefing and hearing schedule, with an opposition due August 5, 2015, a reply due August 6, 2015, and an August 7, 2015 hearing. (Motion to Shorten Time, ECF No. 2.) Given the timing, the court orders the following process.

Lead counsel must confer by any means (including email) by Wednesday, August 5, 2015, at 9:00 a.m. Pacific time. Lead counsel then must confer by telephone by 10:00 a.m. Pacific time. If that process does not resolve the dispute, then Tang Energy Group must e-mail Mr. Chao (or his designee) a five-page letter brief by 2:00 p.m. Pacific time. The court suggests that Tang Energy Group focus its efforts only on the five challenges that Mr. Chao raises. Mr. Chao then has until 5:00 p.m. Pacific time to add a three-page reply to Tang Energy Group's letter and then e-file it as a joint letter brief. The brief must be filed on ECF under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." (This process is a modification of the court's discovery-dispute procedures set forth in its standing order, which is attached.) The court will look at the letter and either set it for hearing or order the appropriate relief. The parties are advised that if the court sets a hearing, it likely will be some time on Thursday, August 6, 2015, during a break in trial. If this process resolves the dispute, Mr. Chao must notify the court by 5:00 p.m. Pacific time on August 5, 2015.

ORDER (No. 3:15-mc-80209-LB)

2

1  **IT IS SO ORDERED.**

2  Dated: August 4, 2015



_____

LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:15-mc-80209-LB)

3