1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In the Matter of the Arbitration between<br><br>TANG ENERGY GROUP, LTD, et al.<br><br>Claimants,<br><br>v.<br><br>CATIC U.S.A., et al.,<br><br>Defendants. | Case No. 3:15-mc-80209-LB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO QUASH SUBPOENA ISSUED BY ARBITRATION PANEL**<br><br>[Re: ECF Nos. 1] |

### INTRODUCTION

On July 23, 2015, in an arbitration pending in Dallas, Texas, claimant Tang Energy Group submitted a witness list that included non-party Cedric Chao. (Chao Decl., ECF No. 1-1, ¶ 17 & Ex. C.[1]). Mr. Chao represents two companies named as respondents in the arbitration, Aviation Industry Corporation of China ("AVIC") and China Aviation Industry General Aircraft Co., Ltd.; according to Mr. Chao, they are not signatories to the arbitration agreement and have objected to their inclusion in the arbitration. (*Id.* ¶¶ 10-12.) Tang Energy Group's counsel Robert Jenevein applied to the arbitration panel for, and the panel issued, a subpoena for Mr. Chao's testimony before the panel in Dallas, Texas, on August 10, 2015, at 9:30 a.m. (*Id.* ¶ 18.).

_____

[1]  Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:15-mc-80209-LB)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    On August 4, 2015, Mr. Chao filed in this court a motion to quash the subpoena on grounds

2    that include (1) the subpoena was not served properly and also directs an appearance more than

3    100 miles away from Mr. Chao's principal place of business, in violation of Fed. R. Civ. P.

4    45(c)(1)(A) and 45(d)(3)(A)(ii), and (2) the subpoena improperly calls for information that is

5    either attorney-client privileged or attorney work product. (Motion, ECF No. 1, at 3, 16-27.) After

6    the court ordered expedited briefing (*see* 8/4/15 Order, ECF No. 4), Tang Energy responded to the

7    motion, explaining that it is not seeking privileged information and instead is trying to prove that

8    AVIC International USA, Inc. ("AVIC USA") is the alter ego of AVIC (represented by Mr. Chao).

9    (Joint Letter Brief, ECF No. 6 at 2.) It is seeking Mr. Chao's testimony "to confirm that he was at

10   least the primary contributor to an appellate brief filed by . . . AVIC USA[], an entity represented

11   by Arent Fox and which Mr. Chao says that he does not represent." (*Id.* at 4.) It also argues that

12   the Federal Rules of Civil Procedure do not apply; instead, the appropriate procedural rules are

13   those in the Federal Arbitration Act. (*Id.* at 3.)

14   The court finds that this matter is suitable for determination without oral argument under Civil

15   Local Rule 7-1(b). The court denies the motion to quash without prejudice because (1) this does

16   not appear to be the proper forum, (2) under the procedural rules in the Federal Arbitration Act,

17   Tang Energy must move to enforce its subpoena in the district where the arbitrators are sitting, and

18   (3) if Tang Energy moves to enforce its subpoena, then Mr. Chao can challenge it.

19                                          **ANALYSIS**

20   The parties agree that the underlying arbitration is subject to the Federal Arbitration Act, 9

21   U.S.C. §§ 1 et seq.[2] (*See* Motion, ECF No. 1 at 15; Joint Letter Brief, ECF No. 6 at 3.) "The

22   subpoena powers of an arbitrator are limited to those created by the express provisions of the

23   [Federal Arbitration Act]." *COMSAT Corp. v. Nat'l Science Found.*, 190 F.3d 269, 275 (4th Cir.

24   1999). The provision of the FAA providing those powers, 9 U.S.C. § 7, states in relevant part:

25   _____

26   [2] Mr. Chao asserts that the court has subject-matter jurisdiction over this matter because the
     underlying arbitration "falls under" the New York Convention on the Recognition and

27   Enforcement of Foreign Arbitral Awards, which is implemented through Chapter Two of the
     FAA, 9 U.S.C. §§ 201-208. 9 U.S.C. § 203, in turn, provides that "[a]n action or proceeding
     falling under the Convention shall be deemed to arise under the laws and treaties of the United

28   States," thus providing this court with jurisdiction.

> The arbitrators . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. . . . Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; <u>if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators,</u> or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

(Emphasis added.)

The plain language of 9 U.S.C. § 7 requires that a person who wants a subpoena issued by arbitrators to be enforced do so by filing a petition the district court in which the arbitrators are sitting. Numerous courts have recognized this requirement. *See*, *e.g.*, *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 95 (2d Cir. 2006) ("FAA Section 7 provides that subpoenas issued under that section may be enforced by petition to 'the United States district court for the district in which such arbitrators, or a majority of them, are sitting.' 9 U.S.C. § 7. Here, the arbitrators were sitting in the Southern District of New York, so FAA Section 7 required that any enforcement action be brought there."); *Alliance Healthcare Servs., Inc. v. Argonaut Private Equity, LLC*, 804 F. Supp. 2d 808, 811-12 (N.D. Ill. 2011) ("Because the arbitration proceeding is being conducted in Chicago, only a court in this district [the United States District Court for the Northern District of Illinois] may enforce a subpoena issued by the arbitrators."); *Amgen Inc. v. Kidney Ctr. of Delaware County, Ltd.*, 879 F. Supp. 878, 881 (N.D. Ill. 1995) (9 U.S.C. § 7 made clear "that any petition to enforce the subpoena must be brought to this court, because the arbitrator is located in Chicago"); *Amgen Inc. v. Kidney Ctr. of Delaware County, Ltd.*, Civ. A. No. 94-MC-0202, 1994 WL 594372, at *1-2 (E.D. Pa. Oct. 20, 1994) ("Since the arbitrator in the underlying arbitration is sitting in Chicago, it was incumbent upon Amgen, pursuant to the plain language of Section 7 of the Federal Arbitration Act, to bring its petition to compel compliance in the United States District Court for the Northern District of Illinois," not in the United States District Court for the Eastern District of Pennsylvania, as it did.); *see also* Martin Domke, Gabriel Wilner & Larry E. Edmonson, 2 Domke on Commercial Arbitration § 29.12 (3d ed. 2015) ("A petition to enforce

1    subpoenas issued by arbitrators must be brought in the district in which such arbitrators are

2    sitting.")

3        9 U.S.C. § 7 says nothing about a person to whom a subpoena is directed being required to file

4    a motion to quash. Indeed, as the Fourth Circuit has explained:

5            . . . [O]nce subpoenaed by an arbitrator the recipient is under no obligation to move
             to quash the subpoena. By failing to do so, the recipient does not waive the right to
6            challenge the subpoena on the merits if faced with a petition to compel. The FAA
             imposes no requirement that a subpoenaed party file a petition to quash or otherwise
7            challenge the subpoena; the Act's only mechanism for obtaining federal court
             review is the petition to compel. *See* 9 U.S.C.A. § 7 ("[U]pon petition the . . .
8            district court . . . may compel the attendance of such person.").

9    *COMSAT*, 190 F.3d at 276 (footnote omitted); *see also* Thomas H. Oehmke & Joan M. Brovins, 3

10   Commercial Arbitration § 90.3 (2015) (citing *COMSAT* for this point). At least one district court

11   has come to the same conclusion. *See Odfjell Asa v. Celanese AG*, 348 F. Supp. 2d 283, 288

12   (S.D.N.Y. 2004) (Rakoff, J.) ("While Stolt-Nielsen undoubtedly has standing to object in a proper

13   forum to O'Brien's giving of testimony or providing of documents as to which Stolt-Nielsen

14   claims privilege, there is considerable doubt in this Court's mind that this is the proper forum, at

15   least at this juncture, since the FAA nowhere explicitly gives a person subpoenaed to an

16   arbitration the right to move in a federal district court to quash the subpoena.") (footnote omitted).

17   It is perhaps not surprising, then, that the court has found no instances where, upon the petition of

18   a subpoena recipient, a district court has quashed a subpoena issued by arbitrators, let alone one

19   issued by arbitrators sitting in a different district.

20       In light of these authorities, the court cannot conclude that the Northern District of California

21   is the proper forum to address Mr. Chao's challenge to the subpoena. *See id.* The court thus denies

22   the motion to quash without prejudice. If Tang Energy Group files a petition to enforce the

23   arbitrators' subpoena, Mr. Chao may challenge the enforcement of the subpoena at that time and

24   raise the issues he raises here.

25                                      **CONCLUSION**

26       The court denies the motion to quash without prejudice. The court previously granted Mr.

27   Chao's motion to hear his motion to quash on shortened time by ordering an expedited briefing

28   process. (8/4/15 Order, ECF No. 48 at 2.)

ORDER (No. 3:15-mc-80209-LB)

*United States District Court*
*Northern District of California*

1      This disposes of ECF Nos. 1 and 2. The Clerk of the Court shall close the file.

2      **IT IS SO ORDERED.**

3      Dated: August 6, 2015

4                                                          _____
                                                           LAUREL BEELER
                                                           United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California